IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LAQUAN PERKINS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-711-NJR |
| | ) |
| **CHRISTINE BROWN and WEXFORD HEALTH SOURCES, INC.,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Laquan Perkins, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Perkins alleges he was denied medical care for his facial numbness in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Perkins makes the following allegations in the Complaint (Doc. 1): On February 6, 2020, Perkins was transferred to an outside hospital for dental work to have his #32 lower, right wisdom tooth extracted (*Id*. at p. 6). He was warned by the oral surgeon that he might lose sensation in his tongue and lip. He was provided with pain medication and transferred back to Pinckneyville. Once the pain medication wore off, however, Perkins had no feeling in the right side of his face, including his right eye (*Id*. at p. 7). He also could not hear out of his right ear (*Id*.).

On February 20, 2020, he was transferred back to the hospital for his complaints of loss of feeling, diminished eyesight, and loss of hearing (Doc. 1, p. 7). The oral surgeon informed Perkins that the issues were unrelated to his surgery, and he was referred to a neurologist. From February 18, 2020, to October 19, 2020, Perkins submitted twelve sick call slips seeking care for the issues with his face (*Id*.). He received no medical care. He informed Christine Brown of his issues, but she refused to provide any additional care (*Id*.). Perkins continues to suffer from loss of facial sensation, diminished eyesight, and hearing in his right ear, which he fears might be permanent (*Id*. at p. 8).

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:    Eighth Amendment deliberate indifference claim against Christine Brown and Wexford Health Sources, Inc. for failing to provide him with care for his loss of facial sensation and issues with his eyesight and hearing.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Perkins states a viable deliberate indifference claim in Count 1 against Christine Brown. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). He fails, however, to state a claim against Wexford. Perkins only states that Wexford is liable because it employed Christine Brown. The corporation cannot be liable on this basis because *respondeat superior*, or supervisory, liability is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Perkins fails to identify such a policy. Thus, he fails to state a claim and Wexford is **DISMISSED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Christine Brown, but is **DISMISSED without prejudice** as to Wexford Health Sources, Inc.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Clerk of Court shall prepare for Defendant Christine Brown: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Perkins. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Perkins, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Perkins, and the judgment includes the payment of costs under Section 1915, Perkins will be required to pay the full amount of the costs,

regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Perkins is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 7, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve her with a copy of your complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**